IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHEMTOV MICHTAVI, | : | CIVIL ACTION NO. **1:CV-12-1196** |
| | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| WARDEN WILLIAM SCISM, *et al.*, | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

## I.    BACKGROUND.

On June 22, 2012, Plaintiff Shemtov Michtavi, an inmate at LSCI-Allenwood, filed, *pro se*, this instant *Bivens*[1] civil action, pursuant to 28 U.S.C. §1331.[2]  (Doc. 1).  Plaintiff's Complaint also includes a claim against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675, *et seq*.    Plaintiff attached several exhibits to is Complaint, Exs. A-X. (Docs. 1-1 and 1-2).

---

[1]*Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971).  Plaintiff's instant action falls within 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of <u>all</u> civil actions arising under the Constitution, laws or treaties of the United States." (Emphasis added).  This case is, in part,  a *Bivens* action since Plaintiff seeks monetary damages from federal officials for alleged violations of his constitutional rights. *See Oriakhi v. Wood*, 2006 WL 859543, * 1, n. 1 (M.D. Pa.); *Conway v. Lindsay*, 2009 WL 1956282 (M.D. Pa.).

[2]As Plaintiff Michtavi recognizes, he has previously filed several actions with this Court, namely, M.D. Pa. Civil Nos. 06-628, 07-628, 09-1021,10-1303, and 10-1399.

On July 2, 2012, and then on July 6, 2012, Plaintiff filed two separate but identical Motions to Proceed *in forma pauperis* and two separate but identical documents titled "Supplemental Application to Proceed In Format (sic) Pauperis." (Docs. 4, 6, 9 and 10, respectively by date).

On July 16, 2012, we issued a Report and Recommendation ("R&R") and recommended that the Court dismiss without prejudice Plaintiff's instant action because Plaintiff has already been barred from filing any future suits *in forma pauperis* under the PLRA's three-strike rule, does not fall within the imminent danger exception, and has not paid the full filing fee prior to initiating this action. *See* 28 U.S.C. § 1915(g). We also recommended that Plaintiff be allowed to re-file his Complaint upon payment of the full filing fee. (Doc. 14). Plaintiff filed Objections to our R&R. (Doc. 19).

On August 8, 2012, the Court adopted our R&R insofar as Plaintiff's *in forma pauperis* motions (Docs. 4 & 9) were denied. The Court also directed Plaintiff to pay the full filing fee by September 30, 2012. (Doc. 23).

Subsequently, Plaintiff paid the full filing fee. We now screen Plaintiff's Complaint as required by the PLRA.

## II.    STANDARDS OF REVIEW.

### A.    *PRISON LITIGATION REFORM ACT*

As stated, Plaintiff Michtavi, an inmate at LSCI-Allenwood, paid the full filing fee. Notwithstanding Plaintiff's payment of the filing fee, the Prison Litigation Reform Act of 1995

(the "PLRA")[3] obligates the Court to engage in a screening process. *See Vega v. Kyler*, C.A. No. 03-1936 (3d Cir. 2004), 2004 WL 229073(non-precedential)(if prisoner pays filing fee, civil rights complaint is subject to review under 28 U.S.C. § 1915(A), not 28 U.S.C. § 1915(e)(2)(B); *see also Vieux v. Smith*, 2007 U.S. Dist. LEXIS 40859, 2007 WL 1650579 (M.D. Pa.); *Hartz v. Whalen*, 2008 U.S. Dist. LEXIS 71960, 2008 WL 4107651 (M.D. Pa.).

Section 1915(A) provides:

(a) Screening.- The court shall review, before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal.- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint if the complaint -

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief against defendant who is immune from such relief.

28 U.S.C. § 1915(A).

B.      *BIVENS STANDARD*

A *Bivens* civil rights action under § 1331 has the same standards as does a § 1983 civil rights action.  In *Naranjo v. Martinez*, 2009 WL 4268598, *6(M.D. Pa.), the Court stated:

*Bivens* creates no substantive rights, but rather allows "a citizen suffering a compensable injury to a constitutionally protected interest [to] invoke the general federal-question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). A civil rights claim brought under Bivens is the federal counterpart to an action brought under 42 U.S.C. § 1983, and the same legal principles

_____

[3]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

governing a § 1983 claim apply to a *Bivens* claim. *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir.2001); *Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir.1975); *Cyrus v. Hogsten*, No. 06-2265, 2007 WL 88745, at *3 (M.D.Pa. Jan.9, 2007). To state a claim under *Bivens*, the plaintiff must show that the defendant, acting under color of Federal law, deprived him of a right secured by the Constitution or laws of the United States. *Brown*, 250 F.3d at 800; *Cyrus*, 2007 WL 88745, at *3.

Civil rights claims may only be brought against "persons." 42 U.S.C. § 1983. Individual liability in a civil rights action is personal in nature, and a defendant is liable only if he was personally, affirmatively involved in the alleged malfeasance. *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 173 (3d Cir.2005); *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1294 (3d Cir.1997), abrogated in part on other grounds by *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (citing *Rhode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988). Further, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009) (collecting cases).

*See also Mitchell v. Dodrill*, 696 F.Supp.2d 454 (M.D. Pa. 2010).

C.    *FTCA  STANDARD*

Plaintiff names the United States as a Defendant in his Complaint with respect to his negligence claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2675, *et seq*.  Plaintiff also appears to name the U.S. Public Health Services as a Defendant with respect to his FTCA claim.  (Doc. 1, p. 4).  As Plaintiff recognizes (Doc. 1, p. 4, n. 2), only the Untied States is the proper Defendant in an FTCA action.  Additionally, Plaintiff cannot assert any of his negligence claims against individuals employed by the Bureau of Prisons ("BOP')  and he must assert all of his negligence claims against only the United States through the FTCA.  *See Thomas v. U.S.*, 558 F.Supp. 2d 553, 554 (M.D. Pa. 2008)*;  Woods v. Federal Bureau of Prisons*, 2011 WL 6888648

(M.D. Pa. 11-22-11). Thus, the United States is the only proper Defendant in a FTCA suit, and the United States has waived sovereign immunity for an FTCA action. *See Braget v. U.S. Bureau of Prisons,* 2011 WL 7658892, *6 (M.D. Pa. 12-28-11) adopted by 2012 WL 1165465 (M.D. Pa. 4-9-12); *Sash v. Hogsten*, 2008 WL 618945 (M.D. Pa.). The provisions of the FTCA govern all claims against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment. 28 U.S.C. § 2675(a); *see also Braget v. U.S. Bureau of Prisons*, 2011 WL 7658892, *6 (M.D. Pa. 12-28-11) adopted by 2012 WL 1165465 (M.D. Pa. 4-9-12); *Rosario v BOP*, 2007 WL 951468, *4 (M.D. Pa.). According to the FTCA, "an action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). Thus, a private Plaintiff may not sue the United States under the FTCA without first having filed a claim with the appropriate responsible federal agency. *Id.*; *see Albani v. U.S.*, 2010 WL 2364426, *6 (E.D. Pa. June 9, 2010).[4]

---

[4]Plaintiff states in his Complaint that he exhausted his administrative remedy by filing a tort claim with the BOP as required under the FTCA. (Doc. 1, pp. 16-17). Plaintiff avers that his tort claim was finally denied by the BOP on January 30, 2012.

Also, Defendant United States is not a proper Defendant with respect to any constitutional claims Plaintiff is raising under *Bivens*.[5]  *See FDIC v. Meyer*, 501 U.S. 471, 475 (1994); *Braget v. U.S. Bureau of Prisons*, *supra*.  Further, as stated, neither a federal agency nor the individual employees of the BOP are  proper Defendants with respect to Plaintiff's negligence claims under the  FTCA.  *See Thomas v. U.S.*, 558 F.Supp. 2d at 554.   Additionally, the United States is generally immune for intentional torts.  *See* 28 U.S.C. §2680(h).

D.     *MOTION TO DISMISS STANDARD*

In screening a Complaint under the PLRA, the Court uses the Rule 12(b)(6) motion to dismiss standard.  In *Reisinger v. Luzerne County*, 712 F. Supp. 2d 332, 343-44 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, [556 U.S. 662], 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).
>
>> "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its fact.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).

---

[5]*See Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971).

*McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [*Iqbal*, 129 S.Ct. At 1949.] Second, a District Court must then determined whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips [v. Co. of Allegheny]*, 515 F.3d [224,] 234-35 [ (3d Cir. 2008) ]. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. At 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler*, 578 F.3d at 210-11.

The Third Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Guirguis v. Movers Specialty Services, Inc.*, 346 Fed.Appx. 774, 776 (3d Cir. 2009)(quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955) (not precedential).

## II. ALLEGATIONS OF COMPLAINT.

In his Complaint, Plaintiff names the following nine (9) Defendants: William Scism, Former LSCI-Allenwood Warden; J. Miller, Supervising Physician, LSCI-

Allenwood; D. Spotts, Coordinator of Health Services, LSCI-Allenwood; K. Mutchler, Former Physician's Assistant, LSCI-Allenwood; M. Magyar, Physician's Assistant, LSCI-Allenwood; Dr. Chopra, Urologist, Bloomsburg Hospital; John Does #1 to #5, Employees, Federal Bureau of Prisons ("BOP") and the U.S. Public Health Service;[6] U.S. Public Health Service, Federal Bureau of Prisons; and United States of America. (Doc. 1, p. 2-3). Plaintiff sues the individual federal Defendants in both their personal and official capacities. Plaintiff sues Defendant Dr. Chopra, a private physician, only in his individual capacity. Plaintiff raises five claims, Claims I-V. Claims I-IV contain constitutional claims under the Eighth Amendment for cruel and unusual punishment and denial of proper medical care. Claim V is brought against Defendant United States for medical negligence under the FTCA.

In Claim I, Plaintiff alleges that on or about January 20, 2010, he received prostate laser surgery by Dr. Chopra, which was approved by Defendants Miller and Spotts. Plaintiff avers that during the surgery the local anesthesia administered did not block any pain, and as a result, Plaintiff alleges he felt the entire procedure and unrelenting pain. (Doc. 1, p. 5). Plaintiff claims that his cries for help post-surgery were ignored until he was taken to the prison medical department on January 22, 2010. (Doc. 1, p. 6). Plaintiff states that in his attempt to resolve this issue through the BOP administrative remedy process, Defendant former Warden Scism denied his appeal of his administrative

---

[6]Plaintiff does not identify any John Doe Defendant in his Complaint and his Complaint does not assert claims against any John Doe Defendant.

remedy request regarding the lack of adequate anesthesia stating it was not an issue for the BOP to address, but rather the Urologist who performed the surgery, Defendant Dr. Chopra. (*Id.*). Plaintiff asserts an Eighth Amendment cruel and unusual punishment violation because the anesthesia did not work during his January 20, 2010, prostate laser surgery. Plaintiff seeks money damages as relief.

In Claim II (Doc. 1, pp. 10), Plaintiff alleges that his Eighth Amendment right to medical care was violated because of failure to allow post-operative treatment after his laser surgery, including alleged denial of medications prescribed by Defendant Dr. Chopra. Plaintiff states that in January 2011, he advised both Defendants Dr. Miller and Dr. Chopra that he was suffering from a condition called retrograde ejaculation as a result of his January 20, 2010 laser surgery. Plaintiff avers that Dr. Chopra examined him on January 13, 2011, and prescribed Psuedofel medication to address his retrograde ejaculation condition. Plaintiff states that Defendants PA Mutchler, Spotts, and former Warden Scism denied his request to obtain the Psuedofel medication. Plaintiff states that he was examined again by Dr. Chopra on July 14, 2011, and that Chopra prescribed a new medication for Plaintiff which Chopra thought the BOP would allow. Plaintiff avers that he again requested the new medication and that the BOP refused to give it to him. Plaintiff states that as of the date he filed his instant Complaint, he still has not received his medication. Plaintiff states that he exhausted his BOP administrative remedies regrading this claim and that Defendant Scism denied his BP-9 appeal. Plaintiff claims that these actions on the part of the stated five (5) Defendants constituted

a deliberate indifference to his serious medical needs (retrograde ejaculation), and therefore Defendants had violated his Eighth Amendment right to medical care. (Doc. 1, pp. 7-17).

As relief in his Claim II, Plaintiff seeks a declaratory judgment, an order directing Defendants to provide him with Psuedofel medication, and money damages.

In Claim III, Plaintiff avers that he went to sick call on November 5, 2010, with right ankle pain and he requested a prescription for 800 mg ibuprofen similar to the prescription he was previously given for ankle pain. Plaintiff states that Defendant PA Magyar denied his request and told him to buy 200 mg ibuprofen in the commissary. Plaintiff states that he suffered from ankle pain from November 5, 2010 through November 22, 2010, due to the refusal of said Defendants to give him a prescription for 800 mg ibuprofen. Plaintiff states that Defendants Spotts, Mutchler, Miller and Scism were aware of his chronic ankle pain and of the refusal to give him a prescription for 800 mg ibuprofen. Plaintiff also states that these Defendants falsified his medical records to cover up their deliberate indifference to his pain. Plaintiff further states that he exhausted his BOP administrative remedies with respect to his Claim III. As relief, Plaintiff seeks a declaratory judgment that Defendants' actions from November 5, 2010 through November 22, 2010 were unconstitutional and, he seeks money damages.

In Claim IV (Doc. 1, pp. 14-16), Plaintiff makes allegations about an unrelated incident occurring on November 3, 2010. Plaintiff avers that he saw Defendant PA Mutchler and explained that he was experiencing chronic foot pain. Plaintiff states that

Mutchler said she would consult with Defendant Dr. Miller and that Miller told Plaintiff to go to sick call.  On December 8, 2010, Plaintiff states that he again contacted Defendant PA Mutchler and requested soft shoe for his foot pain and she told Plaintiff to buy insoles from the commissary.  Plaintiff states that he already had insoles from the commissary and that they did not ease his foot pain.   As a result, Plaintiff submitted an administrative remedies remedy soft shoe request, which was denied and his appeals were denied.  (Doc. 1, pp. 14-15).   Plaintiff states that he submitted another request on May 6, 2011, for soft shoes which were designed to accommodate the orthopedic insoles  he preciously received and that Defendant Spotts did not respond to his request.  Plaintiff states that he submitted yet another request on May 20, 2011, to Defendant Spotts for soft shoes which were designed to accommodate the orthopedic insoles  he previously received and that Defendant Spotts denied his request.

Thus, in Claim IV, Plaintiff avers that the stated Defendants involved in the denial of his soft shoe request violated his Eighth Amendment right to medical care.  (Doc. 1, p. 16).  As relief, Plaintiff seeks a declaratory judgment that Defendants' actions from November  2010 through May 2011 denying his requests for soft shoes were unconstitutional and, he seeks money damages.

Lastly, in Claim V, Plaintiff asserts a claim for medical negligence against Defendant United States under the FTCA.  (Doc. 1, pp. 16-18).   Plaintiff states that he is entitled to monetary damages from the Defendant United States for injuries he suffered as a result of medical negligence occurring in his January 20, 2010 laser surgery on his

prostate pursuant and for the medical negligent treatment he received after his surgery regrading his retrograde ejaculation and impotence conditions. Plaintiff states that he filed a tort claim with the BOP as required by the Federal Tort Claim Act, and that it was finally denied on January 30, 2012.[7]

As mentioned, Plaintiff avers he has exhausted his BOP administrative remedies with respect to his constitutional claims, and he attached copies of his grievances and appeals as part of his Exhibits. (Docs. 1-1 & 1-2, Exhibits A-C, F4-M, Q, S-T, and X). Plaintiff also states that he exhausted his tort claim with the BOP and submitted Exhibits which he states prove this.

## IV.  DISCUSSION.

*1.  Claims for Money Damages against Defendants in their Official Capacities*

As stated, Plaintiff sues the individual federal Defendants in both their official and personal capacities. Also, in his constitutional claims under the Eighth Amendment against Defendants, Claims I-IV, he seeks money damages as relief. Plaintiff cannot make any claim for money damages against the individual Defendants in their official

---

[7]The law is clear that civil rights claims in Pennsylvania are subject to a two-year statute of limitations. *See Bougher v. University of Pittsburgh*, 882 F. 2d 74, 78-79 (3d Cir. 1989); *Fitzgerald v. Larson*, 769 F. 2d 160, 162 (3d Cir. 1985); *Martin v. Red Lion Police Dept.*, Civil No. 00-16122, M.D. Pa. (October 26, 2004 Memorandum), pp. 5-6 affirmed 146 Fed.Appx. 558 (3d Cir. 2005); *Beattie v.v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051,*8 (M.D. Pa.); *Mattis v. Dohman*, 260 Fed. Appx. 458, 461, n. 3(citations omitted); *Barnett v. York County*, Civil No. 11-0906, M.D. Pa. (July 14, 2011). Also, Pennsylvania tort claims for negligence are subject to a two-year statute of limitations.

Thus, as discussed below, we find Plaintiff's Eighth Amendment claims regarding his January 20, 2010, prostate laser surgery are time barred.

capacities since they are barred by the doctrine of sovereign immunity. *See Hodge v. U.S. Dept. of Justice*, 2009 WL 2843332, *8 (M.D. Pa. August 31, 2009)(citations omitted) affirmed 372 Fed. Appx. 264 (3d Cir. 2010); *Nichols v. Lappin*, 2012 WL 1902567, *3 (M.D. Pa. May 25, 2012). Thus, we will recommend that all of Plaintiff's claims for money damages against the individual federal Defendants in their official capacities be dismissed with prejudice. *See Lewal v. Ali*, 289 Fed.Appx. 515, 516 (3d Cir. 2008)(citations omitted). The Third Circuit has held that a Plaintiff whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless the Court finds bad faith, undue delay, prejudice, or futility. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004). Based on well-settled law, we find futility in allowing Plaintiff to amend his claims for money damages against the individual Defendants in their official capacities.

   2. *Defendant U.S. Public Health Service*

   Plaintiff names U.S. Public Health Service as a Defendant seemingly with respect to his FTCA claim based on *respondeat superior*. (Doc. 1, p. 3). The FTCA is the exclusive remedy for any of Plaintiff's claims against an employee of the U.S. Public Health Service acting within the scope of his office or employment. *See* 42 U.S.C. §233(a); *Green v. Bledsoe*, 2012 WL 2115491, *16 (M.D. Pa. March 27, 2012) adopted by 2012 WL 2115519 (M.D. Pa. June 11, 2012). The United States is the only proper Defendant with respect to Plaintiff's FTCA claim. *See Hodge v. U.S. Dept. of Justice*, 2009 WL 2843332 (M.D. Pa. August 31, 2009) affirmed 372 Fed. Appx. 264, 267 (3d

Cir. 2010). U.S. Public Health Service, a federal agency, is not a proper Defendant with respect to Plaintiff 's constitutional claims under *Bivens*. *See Meyer, supra*; *Hodge v. U.S. Dept. of Justice*, 2009 WL 2843332, *8 (M.D. Pa. August 31, 2009)(citing *Meyer, supra*) affirmed 372 Fed. Appx. 264, (3d Cir. 2010). Also, "a *Bivens* constitutional tort action can not be maintained against PHS employees ... for harms within the scope of their employment. *Green v. Bledsoe*, 2012 WL 2115491, *16(citing *Hui v. Castaneda*, __U.S.__, 130 S.Ct. 1845 (2010)).

Thus, we will recommend that Defendant U.S. Public Health Service be dismissed with prejudice. Based on well-settled law, we find futility in allowing Plaintiff to amend his Complaint as to Defendant U.S. Public Health Service. *See Grayson, supra*.

*3. Bivens claims against private physician Dr. Chopra*

Defendant Dr. Chopra is a private physician, *i.e.* Urologist, who was in private practice working in a private hospital, Bloomsburg Hospital, who performed the laser surgery on Plaintiff's prostate on January 20, 2010. Plaintiff avers that Dr. Chopra failed to used proper anaesthesia during the surgery causing him pain and that Dr. Chopra created a hole during the surgery which caused Petitioner 's sperm to leak into his bladder, *i.e.* retrograde ejaculation. Dr. Chopra also examined Plaintiff post-surgery in January 2011 and July 2011 regarding Plaintiff's retrograde ejaculation condition, and on both occasions he prescribed medication for Plaintiff to alleviate the condition. However, Plaintiff alleges that the prison staff Defendants would not authorize either of the medication Dr. Chopra prescribed.

Dr. Chopra is not a federal official but Plaintiff states that he was contracted by the BOP to operate on Plaintiff and to treat Plaintiff post-surgery. Plaintiff asserts constitutional claims under *Bivens* against Dr. Chopra in his Claims I and II, and he alleges that Dr. Chopra performed the surgery on him without proper anesthesia and that Dr. Chopra failed to treat him properly after his surgery for his retrograde ejaculation condition in violation of the Eighth Amendment. As stated above, to establish a claim under *Bivens*, Plaintiff must show that a federal official violated his constitutional right. *See Naranjo v. Martinez*, 2009 WL 4268598, *6. "*Bivens* claims can be brought only against individual officers, not the United States or the BOP." *Ruiz v. Federal Bureau of Prisons*, 2012 WL 1527583, *2 (3d Cir. May 2, 2012)(citing *Correctional Services Copr. V. Malesko*, 534 U.S. 61, 71, 122 S.Ct. 515 (2001)). In *Correctional Services Copr. V. Malesko*, 534 U.S. 61, 70-71, 122 S.Ct. 515 (2001), the Supreme Court "held that no implied damages action exists under *Bivens* against private corporation housing federal prisoners under contract with the FBOP." *Baez v. Cornell Companies, Inc.*, 2010 WL 5648572, *3 (W.D. Pa. Dec. 23, 2010) adopted by 2011 WL 283194 (W.D. Pa. Jan. 25, 2011). The Fourth Circuit Court of Appeals "held that no implied *Bivens* action exists against employees of a private corporation operating a federal prison." Id.(citing *Holly v. Scott*, 434 F.3d 287 (4ht Cir. 2006), *cert. denied*, 547 U.S. 1168, 126 S.Ct. 2333 (2006)). Additionally, the *Baez* Court stated that the Supreme Court "in *Malesko* noted that *Bivens* extended only 'to provide an otherwise nonexistent cause of action against individual officers alleged to have acted   unconstitutionally, or to provide a cause of

action for a Plaintiff who lacked any alternative remedy .... ." *Id.*(citing *Malesko*, 534 U.S. at 70).    "To date, the United States Court of Appeals has not issued a precedential opinion addressing whether a *Bivens* action lies against a private company under contract to operate a federal prison, or whether a claim may be brought against an employee of that company." *Somuano v. Geo Group, Inc.*, 2012 WL 227737, *4 (W.D. Pa. Jan. 5, 2012).

Recently, in *Ruiz v. Federal Bureau of Prisons*, 2012 WL 1527583, *2, the Third Circuit Court stated that no action under *Bivens* exists against a private company and the private corporation that owns it.  The *Ruiz* Court also found that its Plaintiff failed to state a claim against the individual Defendants who were employed by the private company since "the Supreme Court recently held that a *Bivens* claim is not cognizable against employees of a private prison under these circumstances.  *See Minneci v. Pollard*, —U.S.—, 132 S.Ct. 617, 626 (2012)("refusing to imply the existence of a *Bivens* action where 'a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here.'")."  *See also Perez-Barron v. U.S.*, 2012 WL 1372136, *2 (3d Cir. April 20, 2012).

Thus, based on *Malesko, Holly, Ruiz, Perez-Barron* and *Baez*, we do not find that the Court should extend *Bivens* claims in this case against Defendant Dr. Chopra since

our Plaintiff had an adequate state law remedy against Dr. Chopra, namely, a

professional medical malpractice action, regarding the January 2010 surgery and post-

surgery care.[8]  We do not find that the alleged actions of Defendant Dr. Chopra are

fairly attributable to the federal government, and thus, we do not find Dr. Chopra to be

subject to a *Bivens* action.   Additionally, as discussed below, we find that any *Bivens*

action and  state law medical negligence action against Dr. Chopra regarding the January

20, 2010, laser surgery on Plaintiff, Claim I,  to be time barred since Plaintiff filed his

instant action on June 22, 2012, over two years after the surgery and since Plaintiff failed

to file a COM as required under PA law.   Further, with respect to his Claim II, Plaintiff

does not even state a cognizable *Bivens* claim or a  state law medical negligence claim

against Dr. Chopra since Plaintiff admits Dr. Chopra examined him twice post-surgery

and properly treated him for his retrograde ejaculation condition and prescribed tow

different  medications. Plaintiff only alleges in Claim II that the BOP Defendants would

---

[8]If Plaintiff filed a medical malpractice action under state law against Defendant Dr. Chopra, he was required to file a Certificate of Merit ("COM") under Pennsylvania law pursuant to Pa.R.C.P. 1042.3(a)(1).  A COM is required for a Pennsylvania professional negligence claim raised in a malpractice action.  *See Santee v. U.S.*, Civil Action No. 3:CV-07-2207, September 30, 2008 Memorandum and Order (M.D. Pa.),  2008 WL 4426060 (M.D. Pa.).  "The COM requirement is set forth in a procedural rule, but federal courts exercising diversity and supplemental jurisdiction have considered it substantive law that must be applied to claims under Pennsylvania law presented in federal court."  *Booker v. U.S.*, 2009 WL 90129, *3 (citations omitted).  The Third Circuit affirmed a case in the Middle District of Pennsylvania in which the District Court found that PA Rule 1042.3 is a rule of substantive state law and that Plaintiffs in federal court must comply with this rule.  *See Perez v. Griffin*, 2008 WL 2383072 (M.D. Pa.), aff'd. 2008 WL 5351829 (3d Cir. 12-23-08); *Hodge v U.S. DOJ,* 372 Fed. Appx. 264, 267 (3d Cir. 2010) (A COM is required to state a medical negligence claim in federal court).

There is no record that Plaintiff filed a COM in this case.

not allow him to receive the medications Dr. Chopra ordered.

Therefore, we will recommend that Defendant Dr. Chopra be dismissed entirely from this case with prejudice. Based on well-settled law, we find futility in allowing Plaintiff to amend his Complaint as against Defendant Dr. Chopra. *See Grayson, supra; Ruiz, supra; Perez-Barron, supra*.

   *4. Plaintiff's Claim I is time barred regarding his January 20, 2010 surgery*

Since Plaintiff filed his Complaint on June 22, 2012, we find that any of his claims which pre-date June 22, 2010, are time barred by the applicable two-year statute of limitations, namely, Claim I. We find that in screening Plaintiff's Complaint under the PLRA, the Court can *sua sponte* dismiss Plaintiff's claims which pre-date June 22, 2010, since his allegations make clear that these claims are time barred. Plaintiff was clearly aware of his January 20, 2010, claims regarding his surgery at the time that they arose or he could have reasonably discovered these claims when they arose. In fact, Plaintiff's detailed allegations in his pleading reveal that he was aware of the stated claims when they arose as Plaintiff states during the 20-minute January 20, 2010, surgery and immediately after his surgery he knew that he experienced great pain since Dr. Chopra only used local anesthesia instead of general anesthesia which the doctor should have used. (Doc. 1, pp. 6-7).

There is a 2-year statute of limitations with respect to a civil rights action in Pennsylvania. See *See Metso Paper USA, Inc., v Bostik, Inc.,* 2011 WL 2670320, *3 (M.D. Pa. 7-8-11); *Bougher v. University of Pittsburgh*, 882 F. 2d 74, 78-79 (3d Cir.

1989); *Fitzgerald v. Larson*, 769 F. 2d 160, 162 (3d Cir. 1985); *Martin v. Red Lion Police Dept.*, Civil No. 00-16122, M.D. Pa. (October 26, 2004 Memorandum), pp. 5-6 affirmed 146 Fed.Appx. 558 (3d Cir. 2005).  This 2-year statute of limitations applies to *Bivens* actions in Pennsylvania.  *See Rodriguez-Perez v. Clark*, 2010 WL 2219413 (M.D. Pa. 2-11-10) adopted by 2010 WL 2219410 (M.D. Pa. 5-28-10) appeal dismissed by 423 Fed. Appx. 118 (3d Cir. 4-13-11); *Zied v. Barnhart*, 418 Fed.Appx. 109, 113 (3d Cir. 2011)("[Plaintiff 's] *Bivens* claims also are governed by a two-year statute of limitation")(citation omitted).

We must consider when Plaintiff's present *Bivens* claims accrued.  In *Ricketts v. AW of UNICOR*, 2009 WL 2232467, *9 (M.D. Pa.), the Court stated:

> In applying the statute of limitations to a *Bivens*-type civil rights action, a federal court must employ the appropriate state statute of limitations which governs personal injury actions. *Wilson v. Garcia,* 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Urrutia v. Harrisburg County Police Dept.,* 91 F.3d 451, 457 n. 9 (3d Cir.1996); *King v. One Unknown Fed. Corr. Officer,* 201 F.3d 910, 913 (7th Cir.2000) (noting that the statute of limitations for a § 1983 action and a *Bivens* action are both governed by the state statute of limitations for personal injury claims). The *Wilson* Court clarified that courts considering federal civil rights claims "should borrow the general or residual [state] statute for personal injury actions." *Owens v. Okure,* 488 U.S. 235, 250, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); *Little v. Lycoming County,* 912 F.Supp. 809, 814 (M.D.Pa.1996). Pennsylvania's applicable personal injury statute of limitations is two years. *See* 42 Pa. Cons.Stat. Ann. § 5524(7); *Kost v. Kozakiewicz,* 1 F.3d 176, 190 (3d Cir.1993).
>
> However, the date when a cause of action accrues is still a question of federal law. *Smith v. Wambaugh,* 887 F.Supp. 752, 755 (M.D.Pa.1995). Under federal law, a civil rights cause of action accrues, and the statute of limitations begins to run, when the plaintiff "knew or should have known of the injury upon which [the] action is based." *Sameric Corp. of Delaware, Inc. v. City of Philadelphia,* 142 F.3d 582, 599

(3d Cir.1998) (section 1983 action). The limitations period begins to run if a plaintiff has sufficient notice to place him on alert of the need to begin investigating. *Gordon v. Lowell,* 95 F.Supp.2d 264, 272 (E.D.Pa.2000). Under *Gordon,* a "claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong." *Id.*

*See also Joyner v. BOP*, 2005 WL 3088371(two-year SOL for *Bivens* claim in Pennsylvania).

It is abundantly clear in the present case, and readily apparent from Plaintiff's allegations in his Complaint detailed above, that he discovered, or should have discovered, all of his constitutional claims regarding his January 20, 2010, surgery at the time they arose. Further, Plaintiff does not assert any basis to toll the statute of limitations with respect to his pre-June 22, 2010 claims.

We find that in screening Plaintiff's Complaint under the PLRA, the Court can *sua sponte* dismiss Plaintiff's action since his pleading is clear that he did not timely file his constitutional claims. *See McPherson v. U.S.*, 2010 WL 3446879, *3-*4 (3d Cir. 9-2-10); *Robinson v. Varano*, Civil No. 10-2131, M.D. Pa. (January 25, 2011 Order); *Jones v. Lorady*, Civil No. 11-0666, M.D. Pa. (June 17, 2011 Order).

In *McPherson v. U.S.*, 2010 WL 3446879, *3-*4, the Third Circuit stated:

> Failure to exhaust and the statute of limitations are similar "in the abstract": they are both affirmative defenses. But, a court may nonetheless dismiss a suit for failing to state a claim when the limitations defense is obvious from the face of the complaint. We see no reason why a district court, when screening a complaint pursuant to the PLRA, may not *sua sponte* dismiss a suit whose allegations make clear that the action is not timely. Indeed, other Courts of Appeals have recognized that dismissal under these circumstances is appropriate. *See, e.g., Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir.2006); *Dellis v. Corr. Corp. of*

> *Am.,* 257 F.3d 508, 511 (6th Cir.2001); *Nasim v. Warden, Maryland House of Corr.,* 64 F.3d 951, 956 (4th Cir.1995) (en banc); *Pino v. Ryan,* 49 F.3d 51, 53-54 (2d Cir.1995).FN4 We agree that when a statute-of-limitations defense is apparent from the face of the complaint, a court may sua sponte dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A.

*See also Barnett v. York County,* Civil No. 11-906, M.D. Pa.

Thus, based on *McPherson* and *Barnett*, even though the statute of limitations is an affirmative defense, *sua sponte* dismissal of all Plaintiff's pre-June 22, 2010 claims by this Court is nonetheless proper since it is abundantly clear from the face of his Complaint that these claims are time barred. Therefore, we will recommend that all of Plaintiff's pre-June 22, 2010 claims and his Claim I of his Complaint (Doc. 1, pp. 6-8) be dismissed with prejudice as time barred. *See Zied, supra*.

Based upon the above, we find that the Court should not allow Plaintiff to amend his Complaint with respect to the stated pre-June 22, 2010 claims against Defendants and with respect to his Claim I of his Complaint, since we find they are clearly time barred and that it would be futile to allow an amendment regarding these claims. *See Grayson v. Mayview State Hospital*, 293 F.3d at 111.

   *5. Failure of Plaintiff to file a COM for his FTCA Claim*

Initially, Plaintiff was required to have submitted a tort claim with the BOP and to have it denied. Plaintiff was required to have presented his tort claim to the BOP within two years after his claim accrued. *Royster v. U.S.*, 475 Fed.Appx. 417, 419 (3d Cir. 2012). Additionally, "a claim accrues when an injured party knows or reasonably should know both the existence and cause of his injury. *Id*.(citations omitted). "[U]ntimeliness

"is an affirmative defense which the defendant has the burden of establishing.'" *Id.* at 419-420(citation omitted). In his Complaint, Plaintiff states that he accomplished all of the stated prerequisites regarding his FTCA claim. Plaintiff cites to his Exhibits for support. (Doc. 1, pp. 16-17).

As noted above, Plaintiff was also required to file a COM under Pennsylvania law, *i.e.* Pa.R.Civ.P. 1042.3, for his medical negligence claims regarding alleged improper procedures and anesthesia used during his January 2010 laser surgery, and regarding the alleged improper post-surgery treatment he received for his retrograde ejaculation and impotence conditions he asserts under the FTCA against Defendant United States, Claim V. (Doc. 1, pp. 16-18). *See Hodge v. U.S. Dept. of Justice*, 2009 WL 2843332, *6 (M.D. Pa. August 31, 2009) affirmed 372 Fed. Appx. 264, 267 (3d Cir. 2010); *Pitera v. U.S.*, 2010 WL 2431629, *1 (M.D. Pa. June 14, 2010). Plaintiff does not allege in his Complaint that he filed a COM before he instituted the present action and there is no record of a COM on the docket. Also, Plaintiff does not reference any of his voluminous exhibits as being his COM.

Accordingly, we will recommend that the Court dismiss without prejudice Plaintiff's FTCA claim against Defendant United States, Claim V, since Plaintiff failed to file a timely COM.

6. *Eighth Amendment Denial of Proper Medical Care Claims, Claims II, III & IV*

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." *Iseley v. Beard*, 2009 WL 1675731, *7

22

(M.D. Pa.)(citing *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). In order to successfully raise an Eighth Amendment denial of medical care claim, a plaintiff inmate must prove that the defendant was deliberately indifferent to plaintiff's serious medical needs. *Williams v. Klem*, 2008 WL 4453100, *7 (M.D. Pa.) (quoting *Monmouth Cty. Corre. Inst. Inmates v. Lanzaro*, 834 F. 2d 326, 346 (3d Cir. 1987)).

According to the Court in *Iseley v. Beard*, 2009 WL 1675731, *7 (M.D. Pa.), a prison official acts with deliberate indifference to an inmate's serious medical needs when "he knows of and disregards an excessive risk to inmate health or safety." (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). According to the Supreme Court in *Estelle*, negligently diagnosing or treating a medical condition does not amount to an Eighth Amendment violation of an inmate's right to medical care/ treatment. *Estelle,* 429 U.S. at 106.

Furthermore, according to the *Williams* Court:

> A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that a layperson would recognize the need for a doctor's attention. . . [I]f unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment.

2008 WL 4453100, *7 (M.D. Pa.)(citing *Monmouth Ct. Corr. Inst. Inmates*, 834 F.2d at 347); s*ee also Young v. Kazmerski*, 266 Fed. Appx. 191, 193 (3d Cir. 2008).

Based on our above detailed discussion of Plaintiff's Claims II, III and IV, we find that Plaintiff has properly alleged sufficient factual information to support his Eighth

Amendment denial of medical care claim in his Claim II of his Complaint regarding his post-operative care and, his retrograde ejaculation and impotence conditions against Defendants Dr. Miller, PA Mutchler, Spotts, and former Warden Scism. Insofar as Plaintiff also names Dr. Chopra as a Defendant in his Claim II, as discussed above, we will recommend that private physician Dr. Chopra be dismissed from this case with prejudice. With respect to Defendants Dr. Miller, PA Mutchler, Spotts, and former Warden Scism, Plaintiff alleges in his Claim II that they were aware of his post-surgery condition in which a hole was opened during the surgery which allowed his sperm to leak into his bladder and that they deliberately refused to allow him to receive the prescription medications Dr. Chopra twice prescribed for him to alleviate his retrograde ejaculation and impotence conditions caused by the hole.

Therefore, we will recommend that Plaintiff be allowed to proceed with his Claim II against Defendants Dr. Miller, PA Mutchler, Spotts, and former Warden Scism.

In his Claim III, Plaintiff alleges that Defendants PA Magyar, Dr. Miller, PA Mutchler, Spotts, and former Warden Scism were aware of his chronic ankle pain and that from November 5, 2010 through November 22, 2010, they deliberately refused to prescribe him 800 mg of ibuprofen, *i.e.* prescription strength Motrin, for his ankle pain which he was previously prescribed in December 2009. Plaintiff also states that Defendant PA Magyar told him to buy 200 mg of ibuprofen in commissary for his pain. Plaintiff alleges that the stated Defendants did not give him timely medical care for his ankle pain in violation of the Eighth Amendment. (Doc. 1, pp. 11-12).

We do not find that Plaintiff states a cognizable Eighth Amendment claim against Defendants PA Magyar, Dr. Miller, PA Mutchler, Spotts, and former Warden Scism for allegedly denying him 800 mg of ibuprofen from November 5, 2010 through November 22, 2010, since he could have purchased 200 mg of ibuprofen in commissary during this time and since he does not state that he was caused any further injury to his ankle. Additionally, there are not sufficient allegations describing how Plaintiff's ankle condition was a serious medical condition. Also, there is no allegation that the recommended use of 200 mg of ibuprofen for Plaintiff's ankle pain was medically improper and hence permit an inference that the failure to order 800 mg was deliberately indifferent. Thus, we find that Plaintiff's allegations against Defendants in his Claim III do not sufficiently state deliberate indifference to a serious condition. We find that Plaintiff's allegations against Defendants in his Claim III amount to a disagreement with the professional judgment of the BOP medical staff as to the proper amount of ibuprofen which does not state a violation of the Eighth Amendment. *White v. Napoleon*, 897 F.2d 103 (3d Cir. 1990). We will recommend that Plaintiff's Claim III be dismissed without prejudice since it is not clear at this stage if it is futile to allow Plaintiff to amend this Claim. *See Grayson, supra*.

In his Claim IV, Plaintiff alleges that Defendants Dr. Miller, PA Mutchler, Spotts, and former Warden Scism were aware of his chronic foot pain and, that from December 2010 through May 2011, these Defendants deliberately refused to grant his requests to receive soft shoes to accommodate his orthopedic insoles. (Doc. 1, pp. 14-15).

Plaintiff admits that Defendants allowed him to get orthopedic insoles and gave him a permit to wear sneakers to accommodate his foot pain, but he claims that his orthopedic insoles in his sneakers raised his foot too much and caused pressure on his feet. Plaintiff admits that Defendant Spotts responded to his May 2011 administrative remedy request and stated that "there is no medical indication to issue medical shoes in addition to custom fitted insoles." (Doc. 1, p. 15).

We do not find that Plaintiff states a cognizable Eighth Amendment claim against Defendants Dr. Miller, PA Mutchler, Spotts, and former Warden Scism for denying him soft shoes, since he had orthopedic insoles and a permit to wear sneakers to address his chronic foot pain. Additionally, there are not sufficient allegations describing how Plaintiff's foot condition was a serious medical condition. Also, there is no allegation that the use of soft shoes in addition to orthopedic insoles was medically necessary for Plaintiff's foot pain and hence permit an inference that the failure to order soft shoes was deliberately indifferent. Thus, we find that Plaintiff's allegations against Defendants in his Claim IV do not sufficiently state deliberate indifference to a serious condition. We find that Plaintiff's allegations against Defendants in his Claim IV amount to a disagreement with the professional judgment of the BOP medical staff as to the adequacy of the orthopedic insoles and sneakers, *sans* soft shoes, to alleviate his foot pain which does not state a violation of the Eighth Amendment. *White v. Napoleon*, 897 F.2d 103 (3d Cir. 1990). We will recommend that Plaintiff's Claim IV be dismissed without prejudice since it is not clear at this stage if it is futile to allow Plaintiff to amend this Claim. *See*

*Grayson, supra*.

     7.  *Requests for Declaratory Judgment, CLaims I, II, III & IV*

We find that the Court should dismiss Plaintiff's claims for declaratory judgment in Claims I-IV requesting the Court to find Defendants' past actions were unconstitutional. We find that Plaintiff's claim for declaratory judgment in Claim II that Defendants' actions to the present continue to deprive him of Psuedofel medication can proceed. As stated, Plaintiff requests declaratory judgments in Count I-IV that the Court find Defendants' past conduct, namely, their alleged failure to properly treat him and provide appropriate medical care for his serious conditions, violated his Eighth Amendment Constitutional rights. In his Claim II, Plaintiff also requests that the Court find Defendants' alleged continuing deliberate indifference to his serious medical condition by depriving him of Psuedofel medication has been ongoing up until the time he filed his instant Complaint.

In *Blakeney v. Marsico*, 340 Fed.Appx. 778, 780 (3d Cir. 2009), the Third Circuit Court stated:

> To satisfy the standing and "case or controversy" requirements of Article III, a party seeking a declaratory judgment "must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Bauer v. Texas,* 341 F.3d 352, 358 (5th Cir.2003) (citing *City of Los Angeles v. Lyons,* 461 U.S. 95, 102-03, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)). Here, Blakeney seeks a declaration merely that defendants' "acts" and "policies" violate the United States and Pennsylvania Constitutions. He does not allege that he will be subjected to that alleged conduct in the future. **Moreover, even if defendants violated Blakeney's rights in the past as he alleges, he is not entitled to a declaration to that effect.** *See Brown v. Fauver,* 819 F.2d 395, 399-400 (3d Cir.1987) (directing District Court to dismiss prisoner's Section 1983

claim for prospective relief where appellant "has done nothing more
than allege past exposure to unconstitutional state action").

(Emphasis added).

Plaintiff is, in part, seeking declaratory relief alleging that he will be subjected to continuing denial of proper medical care in the future by Defendants, *i.e.* by depriving him of Psuedofel medication, in violation of his constitutional rights. (Doc. 1, p. 10). We find that Plaintiff should be allowed to proceed with only this request for declaratory judgment in his Claim II. However, with respect to Plaintiff's other stated requests for declaratory relief in Claims I-IV seeking this Court to find that the alleged past conduct of Defendants violated his constitutional rights, we find that Plaintiff lacks standing to request a declaratory judgment regarding alleged past exposure to unconstitutional actions by Defendants. *See Blakeney, supra.*

Therefore, we will recommend that all of Plaintiff's requests for declaratory relief in Claims I-IV, seeking this Court to declare the alleged past conduct of Defendants violated his constitutional rights, be dismissed from this case with prejudice. *See Blakeney, supra.* Based on the above discussion, we find futility of allowing Plaintiff to amend his Complaint with respect to his stated request for declaratory relief. *See Alston v. Parker*, 363 F.3d at 235-236.

## V.    RECOMMENDATION.

Based on the foregoing, it is respectfully recommended that all of Plaintiff's claims for money damages against the individual federal Defendants in their official capacities be

28

dismissed with prejudice. It is recommended that Defendant U.S. Public Health Service be dismissed with prejudice. Additionally, it is recommended that Defendant Dr. Chopra be dismissed entirely from this case with prejudice. It is also recommended that all of Plaintiff's pre-June 22, 2010 claims and his Claim I of his Complaint (Doc. 1, pp. 6-8) be dismissed with prejudice as time barred. Further, it is recommended that the Court dismiss without prejudice Plaintiff's FTCA claim against Defendant United States, *i.e.* Claim V, since Plaintiff failed to file a timely COM.

Moreover, it is recommended that Plaintiff be allowed to proceed with his Claim II against Defendants Dr. Miller, PA Mutchler, Spotts, and former Warden Scism. It is also recommended that Plaintiff's Claim III of his Complaint be dismissed without prejudice. It is further recommended that Plaintiff's Claim IV of his Complaint be dismissed without prejudice. Additionally, it is recommended that Plaintiff's requests for declaratory relief in Claims I-IV, seeking this Court to declare the alleged past conduct of Defendants violated his constitutional rights, be dismissed from this case with prejudice.

Finally, it is recommended that this case be remanded to the undersigned for further proceedings.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: October 9, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHEMTOV MICHTAVI, | : | CIVIL ACTION NO. **1:12-CV-1196** |
| | : | |
| Plaintiff | : | (Judge John E. Jones, III) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| WARDEN WILLIAM SCISM, *et al.*, | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **October 9, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within ten (10)
days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections.  The briefing
requirements set forth in Local Rule 72.2 shall apply.  A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the magistrate judge,
making his or her own determination on the basis
of that record.  The judge may also receive further evidence, recall

witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely Objections may constitute a waiver of any appellate rights.

_____        **s/ Thomas M. Blewitt**
                                        **THOMAS M. BLEWITT**
                                        **United States Magistrate Judge**

**Dated: October 9, 2012**