IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHEMTOV MICHTAVI, | : | |
| | : | 1:12-cv-1196 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Thomas M. Blewitt |
| WILLIAM SCISM, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER

### January 30, 2013

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

Pending before the Court is a Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Doc. 31) filed on October 9, 2012, which makes several recommendations regarding *pro se* Plaintiff Shemtov Michtavi's ("Plaintiff" or "Michtavi") claims. After being granted an extension of time to do so, Plaintiff filed objections to the R&R on November 27, 2012. (Doc. 35). Accordingly, the R&R is ripe for our review.

I.  **STANDARD OF REVIEW**

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. §

1

636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## II. BACKGROUND

On June 22, 2012, Plaintiff, an inmate at the Low Security Correctional Institution at Allenwood, Pennsylvania, filed a complaint asserting *Bivens*[1] civil rights claims against several defendants as well as a Federal Tort Claims Act ("FTCA") claim. Plaintiff also filed an application to proceed *in forma pauperis*. Magistrate Judge Blewitt recommended in a previous R&R that the *in forma pauperis* application be denied and that Plaintiff's complaint be dismissed without prejudice because this Court has previously barred Plaintiff from filing any further suits *in forma pauperis* under the PLRA's three-strike rule. Rather than dismiss the complaint, we ordered that Plaintiff pay the filing fee within a specific period

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bur. of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971).

2

of time or face dismissal of the complaint. Plaintiff paid the requisite fee, and this matter was remanded to Magistrate Judge Blewitt for pre-trial management.

Thereafter, on October 9, 2012, Magistrate Judge Blewitt issued the instant R&R. Magistrate Judge Blewitt reviewed the Plaintiff's complaint pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915A, which requires the Court to screen complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. Pursuant to 28 U.S.C. § 1915A(b), courts must dismiss any portion of the complaint that is (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief against from a defendant who is immune from such relief. After screening Plaintiff's complaint, the Magistrate Judge makes the following recommendations within his R&R.

(1) That all claims for money damages against Defendants in their official capacities be dismissed because they are barred by the doctrine of sovereign immunity;[2]

(2) That the Plaintiff's FTCA claim against Defendant U.S. Public Health Service be dismissed because only the United States is a proper

---

[2] Plaintiff concedes that this recommendation is correct, and as such it shall be adopted without further discussion.

3

defendant in an FTCA claim and that Plaintiff's *Bivens* claims be dismissed as against U.S. Public Health Service;

(3) That Plaintiff's *Bivens* claims against Dr. Chopra be dismissed because Dr. Chopra was a private physician working in private practice when he operated on Plaintiff in 2010;

(4) That Plaintiff's claims arising out of his January 20, 2010 surgery be dismissed as time-barred;

(5) That Plaintiff's FTCA claim be dismissed because Plaintiff failed to file a timely certificate of merit ("COM") regarding the medical negligence claims;

(6) That Plaintiff's Eighth Amendment denial of medical care claims pertaining to his post-operative care and his retrograde ejaculation and impotence claims be permitted to proceed against all Defendants with the exception of Defendant Dr. Chopra;

(7) That Plaintiff's Eighth Amendment denial of medical care claims pertaining to his ankle pain (Claim III) and foot pain (Claim IV) be dismissed without prejudice but with leave to amend; and

(8) That Plaintiff's request for declaratory relief, to the extent that he is seeking to have *past* conduct of the Defendants be declared

unconstitutional, be dismissed. Prospective requests for declaratory relief shall be permitted to proceed.

The Plaintiff agrees with some portions and objects to other parts of the Magistrate Judge's recommendations. Plaintiff requests leave to amend his complaint to correct pleading deficiencies highlighted by the Magistrate Judge in the R&R. We shall discuss each recommendation and the Plaintiff's response thereto *in seriatim*.

## III. DISCUSSION

### A. Claims against U.S. Public Health Services

Magistrate Judge Blewitt recommends that Plaintiff's claims against U.S. Public Health Services ("USPHS") be dismissed because Plaintiff's FTCA claim can only be asserted against the United States.[3] Plaintiff agrees with this recommendation, however, he asserts that he should be given leave to assert *Bivens* claims against individual employees of ("USPHS") in their individual capacity, essentially arguing that these individuals are tantamount to BOP employees and thus can be sued under *Bivens*.

---

[3] When federal employees are sued for damages for harms caused in the course of their employment, the Federal Tort Claims Act, 28 U.S.C.S. §§ 1346, 2671-2680, generally authorizes substitution of the United States as the defendant.

In *Hui v. Castaneda*, 130 S. Ct. 1845 (2010), the United States Supreme Court squarely held that "PHS officers and employees are not personally subject to *Bivens* actions for harms arising out of" [or]. . . "harms caused in the course of their employment." Thus it is clear that Plaintiff cannot maintain a *Bivens* claim against a USPHS employee. Plaintiff contends in his objections that "some of the U.S. Public Health Service employees" are simultaneously employees of the Federal Bureau of Prisons." (Doc. 36, p. 2). We sincerely doubt the veracity of this speculation made by Plaintiff, however, in the interest of fairness and caution, in the event Plaintiff ascertains the identity of a potential individual defendant who was employed by both USPHS and the BOP and involved in the wrongdoings against him that Plaintiff alleges, he may seek leave to add claims against such an individual to this action. However, based on the clear holding of *Hui,* we shall adopt Magistrate Judge Blewitt's recommendation that all claims against USPHS and any individual employees thereof be dismissed.

**B.** ***Bivens* Claims Against Private Physician Dr. Chopra**

Plaintiff names Dr. Chopra, a Urologist working in private practice at Bloomsburg Hospital, as a Defendant in this action. Plaintiff alleges that Dr. Chopra, who performed laser surgery on Plaintiff's prostate on January 20, 2010, failed to use proper anesthesia during the surgery causing him pain. Plaintiff

further alleges that during the surgery, Dr. Chopra created a hole which caused Plaintiff's sperm to leak into his bladder (i.e. retrograde ejaculation). Dr. Chopra saw Plaintiff twice regarding the retrograde ejaculation issue and prescribed medicine for him to alleviate the condition, however Plaintiff alleges that prison staff would not authorize either medication prescribed by Dr. Chopra.

Magistrate Judge Blewitt recommends that Plaintiff's *Bivens* claims against Dr. Chopra be dismissed with prejudice because Dr. Chopra is a private individual and is not amenable to suit under *Bivens*. *See Corr. Servs. Corp. v. Malesko*, 534 U.S.. 61, 66-67 (2001). We agree. In *Malesko*, the Supreme Court refused to extend liability under *Bivens* to private individuals, noting that "[t]he purpose of *Bivens* is to deter individual federal officers from committing constitutional violations." *Id.* at 70. The Plaintiff does not dispute that Dr. Chopra was a private physician employed at a private hospital when he performed the surgery on Plaintiff. Accordingly, he cannot be subject to liability under *Bivens*. All constitutional claims against Dr. Chopra shall, therefore, be dismissed.

    **C.**    **Timeliness of Claims Related to January 20, 2010 Surgery**

Claim I in Plaintiff's complaint asserts an Eighth Amendment deliberate indifference claim against Defendants for an alleged failure to use general anesthesia during Plaintiff's January 20, 2010 prostate surgery. The instant action was filed on June 22, 2012. Thus, Magistrate Judge Blewitt recommends that this claim be dismissed because it is barred by the 2-year statute of limitations applied to civil rights actions in Pennsylvania. 42 Pa. Cons. Stat. Ann. § 5524(7); *Kost v. Kozakiewicz*, 1 F. 3d 176, 190 (3d Cir. 1993).

In his objection to this recommendation, Plaintiff essentially submits that the statute of limitations for this claim should be tolled while he attempted to administratively exhaust the claim. While the Third Circuit has not spoken directly on this issue, it is the trend of courts in this and other circuits to toll the applicable statute of limitations while a prisoner completes the mandatory exhaustion process. *See Paluch v. Sec'y Pennsylvania Dep't of Corrections*, 442, Fed. Appx. 690 (3d Cir. 2011); *see also Shakuur v. Costello*, 230 Fed. Appx. 199 (3d Cir. 2007); *Brown v. Valloff*, 422 F. 3d 926 (9th Cir. 2005); *Johnson v. Rivera*, 272 F. 3d 519 (7th Cir. 2001); *Brown v. Morgan*, 209 F. 3d 595 (6th Cir. 2000); *Harris v. Hegmann*, 198 f. 3d 153 (5th Cir. 1999). Thus, we shall reject the Magistrate

Judge's recommendation to dismiss this claim based on statute of limitations grounds.[4]

### D. Dismissal of FTCA Claim - Failure to File COM

Magistrate Judge Blewitt recommends that we dismiss Plaintiff's FTCA medical negligence/malpractice claims for failure to use general anesthesia in his 2010 surgery and for alleged improper post-surgery treatment for his retrograde ejaculation and impotence conditions based on Plaintiff's failure to file a Certificate of Merit ("COM"). It is undisputed that the Plaintiff has not filed a COM. Plaintiff contends that because he is a *pro se* incarcerated litigant, he has no access to an independent medical expert to provide a COM for him.

It is well-recognized that to pursue a medical negligence/malpractice claim in the federal courts in Pennsylvania, a plaintiff must file a COM pursuant to Pa. R. C. P. 1042.3(a)(1). *See Iwanejko v. Cohen & Grigsby, P.C.*, 249 Fed. Appx. 938, 944 (3d Cir. 2007)(holding that district courts must "appl[y] Rule 1042.3 as a substantive state law"). This rule applies equally to both *pro se* and represented Plaintiffs. *See Hodge v. United States*, 2009 U.S. Dist. LEXIS 78146 (M.D. Pa. Aug. 31, 2009); *Maruca v. Hynick*, 2007 U.S. Dist. LEXIS 13302 (M.D. Pa. Feb.

---

[4] If, as this litigation progresses, it becomes evident that Plaintiff cannot seek the protection of equitable tolling (if, for instance, he was not pursuing administrative remedies), then the Defendants are free to argue that this claim is barred by the statute of limitations.

27, 2007). The Third Circuit has recognized that this rule may well cause a significant "dilemma" for *pro se* prisoner-plaintiffs who cannot proceed in a civil action with out an expert witness, but that the rule applies to this type of litigant nonetheless. *See Boring v. Kozakiewicz*, 833 F. 2d 468, 474 (3d Cir. 1987). Furthermore, while F.R.E. 706(a) provides that the "court may appoint any expert witnesses agreed upon by the parties, and may appoint expert witnesses of its own selection," the policy behind this rule is promote the jury's factfinding ability" and does not permit the Court to appoint an expert "for the purposes of aiding an indigent litigant, incarcerated or not." *Brown v. James*, 2008 U.S. Dist. LEXIS 17665, *5 (M.D. Pa. Mar. 6, 2008); *Kerwin v. Varner*, 2006 U.S. Dist. LEXIS 90691, *7 (M.D. Pa. Dec. 15, 2006).

Accordingly, based on the foregoing, we shall dismiss Plaintiff's FTCA claims for medical negligence/malpractice for failure to file a COM.

### E. Eighth Amendment Claim - Retrograde Ejaculation and Impotence

We agree with the Magistrate Judge, and Plaintiff does not object, that Plaintiff's Eighth Amendment claims for deliberate indifference to serious medical needs as set forth in Claim II as against Defendants Dr. Miller, PA Mutchler, Spotts and former Warden Scism be permitted to proceed. Plaintiff does object to

10

the Magistrate Judge's recommendation that this claim be dismissed as against Dr. Chopra. However, for the reasons set forth above, we find that Plaintiff cannot maintain a *Bivens* claim against Dr. Chopra, and as such this claim shall be dismissed as against him.

### F. Claims III and IV - Leave to Amend

We agree with Magistrate Judge Blewitt's recommendation to dismiss Claims III and IV of Plaintiff's complaint with leave to amend. These claims concern ankle pain (Claim III) and foot pain (Claim IV) allegedly suffered by Plaintiff and the Defendants' alleged deliberate indifference to Plaintiff's needs concerning these ailments. As currently stated, Plaintiff's allegations amount to little more than his disagreement with the course of treatment prescribed by the Defendants. However, disagreement with treatment plans do not establish an Eighth Amendment claim. *White v. Napoleon*, 897 F. 2d 103 (3d Cir. 1990). Plaintiff's amended complaint must sufficiently describe how these conditions were serious medical needs and precisely how the Defendants were deliberate to these needs. Accordingly, Claims III and IV will be dismissed with leave to amend.

### G. Requests for Declaratory Judgment

Magistrate Judge Blewitt recommends that Plaintiff's requests for declarations that past conduct of the Defendants was unconstitutional be dismissed but that he be permitted to pursue a declaration his constitutional rights are being violated by the Defendants' failure to provide him with Psuedofel, medication prescribed by Dr. Chopra for his retrograde ejaculation condition, inasmuch as that complaint is ongoing. We agree. It is well established that plaintiffs are not entitled to declarations that past conduct of defendants was unconstitutional. *See Brown v. Fauver*, 819 F. 2d 395, 399-400 (3d Cir. 1987). However, to the extent that Plaintiff is alleging that the conduct is ongoing and that he is still being subjected to unconstitutional treatment, such as the alleged denial to provide him with Psuedofel, he is entitled to pursue declarations to that effect.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

    1.    The Report and Recommendation (Doc. 31) of Magistrate Judge Blewitt is **ADOPTED** in part and **REJECTED** in part to the following extent:

        a.    All claims for money damages against the Defendants in their official capacities are **DISMISSED**.

b. Plaintiff's *Bivens* claims against Defendant Dr. Chopra are **DISMISSED**. Dr. Chopra shall be **TERMINATED** as a party to this action.

c. Plaintiff's *Bivens* claims against U.S. Public Health Service are **DISMISSED**. In the event Plaintiff ascertains the identity of a potential individual defendant who was employed by both USPHS and the BOP and involved in the wrongdoings against him that Plaintiff alleges, he may seek leave to add claims against such an individual to this action.

d. Plaintiff's FTCA claims against U.S. Public Health Services and employees thereof are **DISMISSED**. These claims shall be pursued as against the United States.

e. Plaintiff's FTCA medical negligence/malpractice claims are **DISMISSED** for failure to file a COM.

f. Claim II is **DISMISSED** as against Dr. Chopra only.

g. Claims III and IV are **DISMISSED** with leave to amend.

h. Plaintiff's requests for declaratory judgment with respect to past conduct of the Defendants are dismissed.

2. The Plaintiff shall file an amended complaint in conformity with the rulings hereinabove within thirty (30) days of the date of this Order.

3. This matter is **REMANDED** to Magistrate Judge Blewitt for pre-trial management.

s/ John E. Jones III  
John E. Jones III  
United States District Judge