IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHEMTOV MICHTAVI, | : | |
| | : | 1:12-cv-1196 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Karoline Mehalchick |
| WILLIAM SCISM, *et al.,* | : | |
| | : | |
| Defendants. | : | |

## ORDER

### September 4, 2014

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

Pending before the Court is a Report and Recommendation ("R&R") of Magistrate Judge Karoline Mehalchick (Doc. 78) filed on July 14, 2014 which makes several recommendations regarding the remaining Defendants' Motion to Dismiss and/or for Summary Judgment. (Doc. 58). *Pro se* Plaintiff Shemtov Michtavi's ("Plaintiff" or "Michtavi") filed partial objections to the R&R on August 18, 2014.[1] (Doc. 81). Accordingly, the R&R is ripe for our review. For the reasons that follow, the R&R shall be adopted in part and rejected in part.

### I. STANDARD OF REVIEW

---

[1] The Court fully recognizes that Michtavi is currently incarcerated in Israel. Given this unique circumstance, we accept his filings as timely although they are technically outside of the technical objection period.

1

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

Here, Michtavi does not object to the Magistrate Judge's recommendations that Defendant Mutchler be dismissed as a party to this action. Accordingly, we shall adopt this recommendation, with which we wholly agree, without further discourse. Further, Michtavi does not object to the Magistrate Judge's recommendation that his Eighth Amendment deliberate indifference claim pertaining to his retrograde ejaculation condition be permitted to proceed as against Defendant Miller. We agree with this recommendation, noting for the record that genuine issues of material fact exist as to whether retrograde ejaculation is a

serious medical need and if so, whether Dr. Miller was deliberately indifferent to this need. Thus, this recommendation will be adopted.

## II. DISCUSSION

The remaining recommendation made by Magistrate Mehalchick left for our review is that we dismiss the Plaintiff's Eighth Amendment deliberate indifference claim pertaining to his retrograde ejaculation as against Defendants William Scism, former Warden of FCI Allenwood Low and D. Spotts, former Assistant Health Services Administrator (AHSA) and medical supervisor at FCI Allenwood Low. The Magistrate Judge recommends summary judgment be granted in favor of these two Defendants because their roles were limited to responding to Plaintiff's administrative requests, and "it is well-settled that a prison official's handling of a prison grievance procedure does not equate to personal liability in a civil rights claim." *Rode v. Dellaciprete*, 845 F. 2d 1195, 1207 (3d Cir. 1988). Further, it is also well-established that prison supervisors cannot be "considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer v. O'Carroll*, 991 F. 2d 64, 68 (3d Cir. 1993).

While we do not disagree with this long-standing jurisprudence relative to the liability of high-level prison officials relative to inmate civil rights claim, the

situation in the matter *sub judice* is somewhat different and, in our view, lends itself to a different outcome. In brief summary, Plaintiff claims that following prostate surgery he suffered from a condition called retrograde ejaculation, which occurs when semen enters the bladder instead of through the penis during orgasm. The outside physician who performed the surgery that predicated this condition, Dr. Chopra, prescribed Plaintiff a medication for the condition. However, this medication was not on the prison's formulary, and Plaintiff's request for the medication was denied by the Clinical Director on the basis that treatment of sexual dysfunction is not a medical necessity in the Bureau of Prisons. Plaintiff filed administrative grievances, and Defendant Scism's response was that "it is the Bureau of Prison's position that the treatment of sexual dysfunction is not medically necessary, and based on current practice guidelines, medical providers are not to talk to inmates about ejaculation, since it is a prohibited sexual act." (Doc. 1-2, p. 5).

However, as the Magistrate Judge notes, there is a question of material fact as to whether the failure to provide Plaintiff medication and post-operative treatment[2] could lead to long-term injuries and harm, such as sterility, and as such

---

[2] The retrograde ejaculation is likely caused by a hole in the Plaintiff's prostate that did not close post-surgery.

could constitute a serious medical need that was left untreated.[3] Thus, while Dr. Miller is the person who did not provide Plaintiff with the specific medication and treatment sought, at this juncture, it could be argued that Dr. Miller lacked the discretion to treat Plaintiff's condition due to Bureau of Prison policies prohibiting the treatment of sexual dysfunction or discussions about ejaculation with inmates, which might absolve him from liability. Thus, we find that, although Defendants Scism and Spotts are supervisory prison officials, in this type of situation, their potential involvement or their failure to act at the upper, policy-level of the Bureau of Prisons might give rise to liability.[4] Thus, we shall, at this juncture, reject the Magistrate Judge's recommendation that summary judgment be granted in favor of these Defendants.

## III. CONCLUSION

For the reasons expressed hereinabove, we shall adopt in part and reject in part the Magistrate Judge's recommendations and remand the matter to her for pre-trial management. We fully recognize that there will be significant logistical hurdles in the completion of discovery in this matter, given Plaintiff's status as an

---

[3] It is well established that prisoners have a fundamental right to post-incarceration procreation. *See Skinner v. Oklahoma*, 316 U.S. 535 (1942).

[4] Despite our finding in this regard, we express no opinion on the Plaintiff's likelihood of prevailing as against these Defendants.

Israeli inmate, thus we urge the Magistrate Judge and all parties to use their best efforts to bring this matter to an amicable resolution.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation (Doc. 78) of Magistrate Judge Mehalchick is **ADOPTED** in part and **REJECTED** in part to the following extent:

    a. The Defendants' Motion for Summary Judgment (Doc. 58) is **DENIED** with respect to Plaintiff's Eighth Amendment deliberate indifference claim against Defendants Scism, Spotts and Dr. Miller.

    b. Defendant Mutchler is **DISMISSED** as a party to this action and the Clerk shall **TERMINATE** Defendant Mutchler from the docket.

2. This matter is **REMANDED** to Magistrate Judge Mehalchick for pre-trial management.

s/ John E. Jones III
John E. Jones III
United States District Judge
