# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHEMTOV MICHTAVI,<br><br>                Plaintiff,<br><br>    v.<br><br>WILLIAM SCISM, et al.,<br><br>                Defendants | CIVIL ACTION NO. 1:12-CV-01196<br><br>(JONES, J.)<br>(MEHALCHICK, M.J.) |

## MEMORANDUM

**I.   BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Shemtov Michtavi, a prisoner currently incarcerated at Ayalon Prison in Ramla, Israel, filed this *Bivens*[1] action on June 22, 2012. (Doc. 1). At the time he filed the complaint, Plaintiff was incarcerated at the Allenwood Low Security Federal Correctional Institution located in White Deer, Pennsylvania ("FCI Allenwood Low"). This civil rights action was filed pursuant to 28 U.S.C. § 1331 and included claims against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675, *et seq*.

Pursuant to the Prison Litigation Reform Act, this Court screened both the original (Doc. 1) and amended complaint (Doc. 41) under 28 U.S.C. § 1915A. The remaining claim in the case was Plaintiff's Eighth Amendment deliberate indifference to a serious medical need claim against the following Defendants in their individual capacities: William Scism, former Warden of FCI Allenwood Low; D. Spotts, former Assistant Health Services Administrator (AHSA) and medical supervisor at FCI Allenwood Low; Dr. J. Miller, supervising physician at

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

FCI Allenwood Low; and K. Mutchler, Physician Assistant (PA) at FCI Allenwood Low. Defendants' filed a motion to dismiss and for summary judgment. (Doc. 58). On September 4, 2014, the District Court entered an Order (Doc. 82) granting in part and denying in part the Defendants' motion, and directing that Plaintiff's Eighth Amendment deliberate indifference claim against Defendants Scism, Spotts and Dr. Miller be allowed to proceed. The matter was remanded to the undersigned for further pretrial management. On September 25, 2011, the Court issued a case management order establishing deadlines in the case, including a deadline for discovery and dispositive motions. (Doc. 84).

On October 3, 2014, Defendants filed a Notice of Interlocutory Appeal of this matter. (Doc. 86). The appeal concerns the denial of the Defendants motion for summary judgment on the ground of qualified immunity. (Doc. 89). On November 24, 2014, Defendants filed a motion to stay (Doc. 90), in which they seek to have any discovery stayed pending resolution of the appeal.

**II.   DISCUSSION**

As stated above, Defendants' interlocutory appeal concerns the District Court's denial of summary judgment on the grounds of qualified immunity. A district court's denial of the defense of absolute or qualified immunity, "to the extent that it turns on an issue of law," is a final judgment that can be immediately appealed. *Diaz-Colon v. Toledo-Davila*, 980 F. Supp. 2d 214, 217 (D.P.R. 2013); *citing Behrens v. Pelletier*, 516 U.S. 299, 306, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996). If a denial of summary judgment is based on a factual dispute, the issue is not immediately appealable. *Id.*; *citing Valdizan v. Rivera–Hernandez*, 445 F.3d 63, 64 (1st Cir.2006); *Acevedo–Garcia v. Vera–Monroig*, 204 F.3d 1, 10–12 (1st Cir.2000).

Federal Rule of Appellate Procedure 8 provides that "[a] party must ordinarily move first in the district court for ... a stay of the judgment or order of a district court pending appeal." Fed.R.App.P. 8(a). In deciding whether to grant a motion to stay, courts consider four factors:(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987); *see also Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, No. 3:02-CV-0134, 2013 WL 5937342, at *1 (M.D. Pa. Nov. 4, 2013); *citing Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir.1999). The party requesting the stay " 'bears the burden of showing that the circumstances justify an exercise of that discretion.' " *Supinski v. United Parcel Serv., Inc.*, No. 06–CV–00793, 2012 WL 1622385, at *1 (M.D.Pa. May 9, 2012) (*quoting Nken v. Holder*, 556 U.S. 418, 433–34, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009)). In addition, courts must balance the factors "in light of the individualized considerations" relevant in each case. *Republic of Philippines*, 949 F.2d. at 658. However, stays are "an extraordinary remedy" and are "rarely granted." *Conestoga Wood Specialties Corp. v. Sec'y of U.S. Dep't of Health and Human Servs.*, No. 13–1144, 2013 WL 1277419, at *1 (3d Cir. Feb.8, 2013). Moreover, failure to establish any one of the four elements above may render the stay inappropriate. *Id*. *See also Supinski*, 2012 WL 1622385, at *1.

The Court denied Defendants' motion for summary judgment, finding that genuine issues of material fact existed as to the consequences of the failure to provide Plaintiff with medication and post-operative treatment. (Doc. 82, pp. 2-4). As such, the order denying

summary judgment, and specifically denying the qualified immunity defense did not turn on a question of law, and is not properly appealable.[2] *See Diaz-Colon v. Toledo-Davila*, 980 F. Supp. 2d 214, 217 (D.P.R. 2013); *Valdizan,* 445 F.3d at 64; *Acevedo–Garcia*, 204 F.3d at 10–12.

Even if the Court's denial of qualified immunity were an appealable issue of law, considering Defendants' motion for a stay in light of the four elements set forth in *Hilton v. Braunskill*, *supra*, the Court finds that a stay is not appropriate at this juncture. First, Defendants have not made a strong showing that they are likely to succeed on the merits. *Hilton,* 481 U.S. at 776, 107 S.Ct. 2113. Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987); *see also Acierno v. Cloutier*, 40 F.3d 597, 616 (3d Cir. 1994). In determining whether defendants are entitled to claim qualified immunity, the court should engage in a three-part inquiry: (1) whether plaintiff alleged a violation of his constitutional rights; (2) whether the right alleged to have been violated was clearly established in the existing law at the time of the violation; and (3) whether a reasonable official knew or should have known that the alleged action violated the plaintiff's rights. *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 582 (3d Cir. 2003);

---

[2] The Third Circuit has not yet made a determination as to whether it has jurisdiction over this appeal, and has reserved the issue for review by the merits panel. *See* Dkt. 14-4104, Order dated December 18, 2014.

*Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). As discussed above, the District Court determined that there are genuine issues of material fact as to whether Plaintiff has a serious medical need and whether the Defendants were deliberately indifferent to Plaintiff's serious medical need. Further, during the time period underlying the allegations in the amended complaint, the contours of Eighth Amendment case law relating to deliberate indifference to a serious medical need were sufficiently clear so that a reasonable person in the position of Defendants would have understood that his conduct violated the Eighth Amendment, if Plaintiff's condition constituted a serious medical need. *See Wall v. Bushman*, No. 3:12-CV-2112, 2013 WL 6086762, at *9 (M.D. Pa. Nov. 19, 2013). Thus, if Plaintiff's condition constitutes a serious medical need, and Defendants deliberately ignored any post-operative treatment, a reasonable person in the position of Defendants would have understood that deliberately ignoring post-operative treatment would violate the Eighth Amendment.

Turning to the third factor, whether the issuance of the stay will cause harm to Plaintiff, the Court finds that the issuance of the stay will cause harm. This case has been pending for over two years with this Court. Moreover, Plaintiff is an inmate in Israel, and there are significant hurdles to overcome in the completion of discovery. To stay discovery at this juncture would further delay what is already a difficult and prolonged process. In addition, in considering the fourth factor, the public interest, the Court finds that this factor also weighs against a stay. While the Court recognizes that "there is a strong public interest in protecting public officials from the costs associated with the defense of damages actions," *Diaz-Colon v. Toledo-Davila*, 980 F. Supp. 2d 214, 218 (D.P.R. 2013); *citing Crawford–El v. Britton*, 523 U.S. 574, 590, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998), the same public interest is served by quick

and efficient resolutions of lawsuits against those officials and in which official immunity does not apply. Here, the public policy concerns underlying official immunity doctrines will not be served by further delaying these proceedings. Moreover, in examining the second factor, any irreparable harm to the Defendants, should the stay be denied, the Court finds that the Defendants have not demonstrated any irreparable harm. "[A]voidance of disruptive discovery is one of the very purposes for the official immunity doctrine...." Siegert v. Gilley, 500 U.S. 226, 236, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991). If a stay is denied, Defendants may proceed with discovery, and may initiate settlement negotiations with Plaintiff. This litigation has been pending in federal court for over two years.

### III.  CONCLUSION

For the foregoing reasons, the Court will deny Defendants' Motion to Stay (Doc. 90). An appropriate Order will follow.

Dated: January 8, 2015                                                    *s/ Karoline Mehalchick*
                                                                **KAROLINE MEHALCHICK**
                                                                **United States Magistrate Judge**